# Exhibit A

2:08-cv-14754-NGE-SDP   Doc # 1-2   Filed 11/11/08   Pg 1 of 10   Pg ID 3

Approved, SCAO
1st copy - Defendant    3rd copy - Return

| STATE OF MICHIGAN | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|
| 52-2  JUDICIAL DISTRICT / JUDICIAL CIRCUIT / COUNTY PROBATE | 802422 NSC1 | 08C05473 OC |

Court address: 5850 Lorac Clarkston, MI 48346
Court telephone no.: 248/625-4994

**Plaintiff name(s), address(es) and telephone no(s).:**
LHR INC

v.

**Defendant name(s), address(es), and telephone no(s).:**
DOUG P DERN Individually
DBA LAW OFFICE DOUG DERN
4300 N MILFORD
HIGHLAND MI 48357

**Plaintiff attorney, bar no., address, and telephone no.:**
ROOSEN, VARCHETTI & OLIVIER, PLLC
P.O. Box 380170
Clinton Township, MI 48038
586/588-2732

**SUMMONS | NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action with the court (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: 10-23-08
This summons expires: 1-22-09
Court clerk: Dyana Bailey
JUDGE KOSTIN

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:
Docket no.: _____    Judge: _____    Bar no.: _____

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:
Docket no.: _____    Judge: _____    Bar no.: _____

**VENUE**
Plaintiff(s) residence (include city, township, or village): C/O Plaintiff's Attorney
Defendant(s) residence (include city, township, or village): HIGHLAND MI 48357
Place where action arose or business conducted: HIGHLAND MI 48357

Date: October 15, 2008
Signature of attorney/plaintiff: Richard G. Roosen (P35222) / Paul E. Varchetti (P44468)

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.
MC 01 (3/06) SUMMONS AND COMPLAINT    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

(stamp) RECEIVED 2008 OCT 17 PM 12:23 52/2 DISTRICT COURT CLERK

STATE OF MICHIGAN
IN THE DISTRICT COURT FOR THE 52-2 JUDICIAL DISTRICT

LHR INC,
    Plaintiff,

vs.                                                        Case No.

DOUG P DERN,
DBA LAW OFFICE DOUG DERN
Individually
    Defendant.

ROOSEN, VARCHETTI & OLIVIER, PLLC
Attorneys for Plaintiff
Paul E. Varchetti (P49403)
Jonathan A. VanGemert P71070
39541 Garfield Road
Clinton Township, MI 48038
(586) 868-2737

There is no other Civil Action arising out of the same transaction or occurrence as alleged in this Complaint, pending in this Court nor has any such action been previously filed and dismissed after having been assigned to a Judge.

RECEIVED
52/2 DISTRICT COURT
2008 OCT 17 PM 1:23
BY DISTRICT COURT CLERK

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

    Plaintiff, LHR INC, complains Defendant DOUG P DERN DBA LAW OFFICE DOUG DERN, and would respectfully show the following:

### JURISDICTION

1. Plaintiff is a foreign Corporation who either issued a credit card or purchased said account from it's original issuer.

2. Defendant(s) is/are (an) individual(s) and reside(s) at 4300 N MILFORD, HIGHLAND MI 48357.

## VENUE

3. Venue of this action is proper in the county named above because Defendant(s) is/are (an) individual(s) believed to be residing in said county at the time of commencement of suit.

## FACTS

4. Defendant(s) was/were issued a credit card in Defendant's name(s) under account number 4988820004007604. Defendant(s) received and used (or authorized the use of) the card and thereby became obligated to pay for the charges incurred with the card.

5. Defendant(s) defaulted on the obligation to make monthly payments on the credit card account, and the card was subsequently canceled. The entire balance on the credit card account is presently due and payable in full.

6. That pursuant to MCR 2.113 (F)(1)(b) one of Plaintiff's claims is based on a written instrument, the copy of which is not attached as it is in the possession of the adverse party.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

7. The issuance of a credit card constitutes the offer of a contract. *See, e.g.*; *Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App. 3d 491, 492, 579 N.E.2d 284, 285 (Ohio Ct. App. 1989). Use of a credit card constitutes acceptance of the terms of the cardmember agreement. *See, e.g.*, *Grasso v. First USA Bank*, 713 A.2d 304 (Del. 1998); *Read v. Gulf Oil Corporation*, 114 Ga. App. 21, 150 S.E.2d 319, 320 (1966); *Petroleum Co. v. McMillan*, 168 S.W. 2d 881 (Tex. Civ. App. 1943). Even in the absence of such an agreement the issuance of the credit card constitutes an offer of credit, and the use of the credit card constitutes the acceptance of the offer of credit. *Feder v.*

*Fortunoff*, 474 N.Y.S. 2d 937 (N.Y. 1984), citing *Empire Nat'l Bank v. Monahan*, 82 Misc. 2d 808, 370 N.Y.S.2d 840 (N.Y. County Ct. 1975).

8. By using and/or authorizing the use of the credit card Defendant(s) accepted the contract with the Issuer and became bound to pay for all charges incurred with the credit card. Defendant(s) also became subject to all of the terms and conditions of the Issuer's cardholder agreement.

9. The Issuer sent to Defendant(s) monthly bills reflecting, *inter alia*, all charges incurred with the credit card, the monthly payment due, and the total balance due. To the best of Plaintiff's knowledge and belief Defendant(s) did not ever send to the Issuer any disputes of the monthly bills or the charges reflected thereon. Each monthly statement informed Defendant(s) of the duty to submit any disputes of the charges set forth in such statement, in writing, within sixty days from the date of the statement. Defendant's failure to submit such disputes constitutes an admission of the account balance. *See, e.g., American Express Travel Related Servs. v. Silverman*, 2006 Ohio 6374, 2006 Ohio App. LEXIS 6327 (Ohio Ct. App. Dec. 5, 2006).

10. Defendant(s) defaulted in the payment obligation on the credit card. Such breach of contract proximately caused the Issuer damages in the amount of the balance due on the credit card account.

11. Defendant(s) is/are presently indebted to Plaintiff in the amount of $7,282.13. Plaintiff is also entitled to recover contractual interest at the rate provided for in the Issuer's contract with Defendant(s). *See Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285 (7th Cir. 2005). Plaintiff seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

### SECOND CAUSE OF ACTION – MONEY HAD AND RECEIVED

12. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1-11 of this Complaint as if fully set forth herein.

13. In the alternative, and without waiving the foregoing, Defendant(s) received and used (or authorized the use of) the credit card knowing that the Issuer expected to be repaid for all charges incurred with the card, together with interest thereon. With each use of the credit card the Issuer paid money on Defendant(s) behalf to the merchant with whom the credit card was used. Defendant(s) is/are liable for repayment of such sums under the doctrine of money had and received.

14. Plaintiff is entitled to recover from Defendant the sum of $7,282.13. Plaintiff is also entitled to recover contractual interest at the rate provided for in the Issuer's contract with Defendant(s). See *Olvera v. Blitt & Gaines, P.C.*, 431 F.3d 285 (7th Cir. 2005). Plaintiff seeks judgment for such sums, together with post-judgment interest at the maximum rate allowed by law.

**THIRD CAUSE OF ACTION – ACCOUNT STATED**

15. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1-14 of this Complaint as if fully set forth herein.

16. Issuer supplied credit to Defendant(s) who purchased goods/services or received cash advances, upon open account with the promise of Defendant(s) to pay for the same.

17. Issuer/Plaintiff has sent invoices/statements of said account to the Defendant(s).

18. Defendant(s) received copies of said invoices/statements and did not object to the amount, charges, fees or interest in said invoices/statements.

19. That an account has become stated between the parties.

20. An Affidavit verifying said account is hereto attached as exhibit 1.

21. That Issuer/Plaintiff has made demands for payment of said account.

22. Defendant(s) has/have failed to answer Issuer/Plaintiff demands for payment.

23. Defendant(s) is/are justly indebted to Plaintiff for the sum of $7,282.13 plus continuing interest, costs and attorney fees.

## FOURTH CAUSE OF ACTION - UNJUST ENRICHMENT

24. Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs 1-23 of this Complaint as if fully set forth herein.

25. That the Defendant(s) has/have improperly benefitted from the credit granted, services received, purchases made and or cash received by the Defendant(s), whether joint or solely in the name of one or more of the Defendants.

26. That allowing the Defendant(s) to retain the benefit of the purchase of assets, cash received, granting of credit, or services provided would amount to the Defendant(s) being unjustly enriched at the expense of the Plaintiff herein.

## FIFTH CAUSE OF ACTION - FRAUD AND OR FRAUDULENT MISREPRESENTATION

27. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1-26 of this Complaint as if fully set forth herein.

28. That the Defendant(s) in applying for and obtaining credit did make representations that Defendant(s) would repay said amounts which were used to make purchases, receive cash, pay off other obligations, or for services, whether joint or solely in the name of one or more of the Defendant(s), with the knowledge and representation that Defendant(s) would and did benefit from said extension of credit and did so with the intention not to pay for all or some of said amounts borrowed.

29. The Defendant(s) representations were false when they were made.

30. The Defendant(s) knew their representations were false when they were made or made them recklessly without knowing whether they were true.

31. Defendant(s) intended the Issuer of credit to rely upon said representations.

32. The Issuer relied upon the false representations in extending credit or providing services.

33. Defendant(s) representations were made intentionally and maliciously.

34. In the alternative Defendant(s) misrepresentations as set forth in the previous paragraphs were made in connection with the making of a contract between the Issuer and the Defendant(s).

35. Issuer would not have entered into the contract to extend credit or provide services but for the representations made by Defendant(s).

36. As a result of the Defendant(s) fraudulent misrepresentations Plaintiff has suffered substantial economic loss.

## CONDITIONS PRECEDENT

37. Through its undersigned attorney Plaintiff has demanded payment from Defendant(s), but Defendant(s) has/have not satisfied such demand. Plaintiff has performed all conditions precedent to the filing of this action, or all such conditions precedent have occurred.

WHEREFORE, premises considered, Plaintiff prays that Plaintiff have judgment against Defendant for:

    a. $7,282.13, which is the balance due on the credit card.

    b. post-judgment interest at the maximum rate allowed by law;

c.   all costs of court; and

d.   all such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

ROOSEN, VARCHETTI & OLIVIER, PLLC
Paul F. Varchetti (P49403)
Jonathan A. VanGemert P71070
Attorneys for Plaintiff
39541 Garfield Road
Clinton Township, MI 48038
(586) 868-2737

October 14, 2008

(Our file number 802422)

STATEMENT OF ACCOUNT

| DATE | NAME | Account Number |
|---|---|---|
| October 14, 2008 | DOUG P DERN<br>DBA LAW OFFICE DOUG DERN | 4988820004007604 |

**BALANCE: $7,282.13**

AFFIDAVIT

STATE OF MICHIGAN  )
                   )§
COUNTY OF MACOMB   )

Paul E. Varchetti, being first duly sworn, deposes and says that based upon the books and records of plaintiff herein DOUG P DERN, DBA LAW OFFICE DOUG DERN is justly indebted to LHR INC, in the sum of $7,282.13 and further swears that there is no set off, credit by payment or return, or by law or equity against this sum, and further states that all credits and allowances known to exist have heretofore been granted. Amount now due and payable is $7,282.13, plus interest.

LHR INC

Paul E. Varchetti
Agent & Attorney in Fact
802422

Subscribed and sworn to by Paul E. Varchetti
before me on October 14, 2008

Carl J. Varchetti, Notary Public
Macomb/Acting in Macomb Michigan
My Commission Expires: 10/23/2012

**"EXHIBIT"**

*RECEIVED OCT 17 2008 52/2 DISTRICT COURT / 61 DISTRICT COURT CLERK PM 4:28*