Exhibit B

STATE OF MICHIGAN
52-2 DISTRICT COURT-OAKLAND COUNTY

LHR inc.
    Plaintiff,

v.

DOUG DERN
DBA LAW OFFICE OF DOUG DERN
    Defendant,

Case No. 08-C05473-GC
Hon. Kelley R. Kostin

_____/

Roosen, Varchetti, & Oliver, PLLC
Attorney for Plaintiff
PO Box 380170
Clinton Township MI 48038
586-868-2737

Doug Dern (P64567)
Attorney for Defendant
11636 Highland Rd. #107
Hartland MI 48353
810-632-9160
_____/

## DEFENDANT'S COUNTER-COMPLAINT

NOW COMES the Counter/Plaintiff in pro per in this Counter claim against the Counter/Defendant. The Counter Plaintiff states the following:

### Count I
### Violation of the Fair Debt Collection Practices Act 15 USC 1692

1. The Plaintiff Counter/Defendant is a collection agency located in Sanborn New York. Their primary business is debt collection. They are "debt collectors" with in the meaning of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692 (a) (6).

2. The Counter/Plaintiff is a consumer under 15 USC § 1692a (3) and MCL § 445.902 (1) (d).

3. The Credit Card that the Counter/Defendant claims is owed on was under the name of Law Office Of Doug Dern however; this credit card was used for consumer good and consumer debt. When a business credit card is used for consumer debt the fair debt collection act applies to collection agencies.

4. The Counter/Defendant had the ability to view the statements they claim they mailed to the Counter/ Plaintiff and should have known that the credit card was used for consumer

debt.

5. The Counter/Defendant served a law suite on the Counter/ Plaintiff at his primary residence and not at his business thereby acknowledging the nature of the debt was consumer debt.

6. The relationship of this transaction is a debt collector attempting to collect debt from a consumer thereby it is covered under the Fair Debt Collection Practices Act 15 USC 1692.

7. On or about 06/26/2008 the Counter/ Defendant LHR Inc. sent the Counter/ Plaintiff a collection notice (see Exhibit A).

8. On or about 06/30/2008 Counter/ Plaintiff sent, by first class mail in the ordinary business manner, the Counter/ Defendant a request for validation of the debt and also disputed the debt. The date on the exhibit appears to be changed by hand but that is a copy of the original letter sent. Before it was changed it had the wrong date of April 8th. Exhibit B is an exact copy of the original letter ( see exhibit b).

9. Counter/ Defendant, LHR failed to provide the validation of the debt as requested by the Counter/Plaintiff. This is a violation of 15 USC 1692g (b) of the Fair Debt Collection Practices Act.

10. The foregoing acts and omissions were undertaken by the Counter/Defendant willfully, persistently, intentionally, knowingly and discriminately as part of their routine debt collection business and with gross or reckless disregard of the rights of the Counter/Plaintiff.

11. The Counter/Plaintiff is entitled to statutory damages of $1000.00, punitive damages, and actually attorney fees for the violation of this FDCPA violation.

Count II
Violation of the Fair Credit Reporting Act

11. Counter/ Plaintiff hereby repeats and re-alleges each allegation in paragraphs 1 -11 of this complaint.

12. When the Counter/ Defendant received the dispute letter they failed to report that the alleged debt was in dispute.

13. Failing to report debt as disputed to credit reporting agencies is a violation of Fair Credit Reporting Act § 1681s-3. Which states : " Duty to provide notice of dispute If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."

14. When Counter/Defendant received the dispute letter their failure to report this as disputed violated Federal credit reporting laws.

15. The Counter/Plaintiff is entitled to damages under the CRA and is entitled to attorney fees.

## Count III
## Fair Credit Billing Act Violation

16. Counter/Plaintiff hereby repeats and re-alleges each allegation in paragraphs 11-15 of this complaint.

17. The Counter/Defendant failed to send the Counter/Plaintiff billing statements during the course of their business relationship.

18. The original agreement signed by the Counter/Plaintiff gave the address as 11636 Highland rd, Suite 106. The Counter/Plaintiff uses this suite and occupies it, but receives most the mail at suite 107.

19. After several months of not receiving statements the Counter/Plaintiff told the Counter/Defendant this but the Counter/Defendant was non responsive.

20. Sometime in November of 2006 the Counter/Plaintiff went on line and discovered that the address was for suite 106 and then Counter/Plaintiff changed his address online to Suite 107.

21. After this change the Counter/Plaintiff still did not receive billing statement. Billing Statements under Federal Law must be received at least 14 days prior to due date.

22. Counter/Plaintiff would get calls stating that his bill was late. He would pay it over the phone and inform the Counter/Defendant that he never received any bill. The Counter/Defendant was non responsive.

23. After some time Counter/Defendant stopped calling to inform the Counter/Plaintiff that his bill was late and the Counter/Plaintiff begin to fall behind without any knowledge because he never received any statements.

24. This is illegal to not send billing statement for the malice purpose of collecting late fees.

25. After the account went into default the Counter/Defendant continued to accrue late charges and other fees illegally against the Counter/Plaintiff without sending any statements.

26. The Counter/Defendant a collection agency took the account subject to from First Equity Card and is responsible for the Fair Credit Billing Violation of the original

creditor.

27. The Counter/Plaintiff had a balance of around $5700 sometime around January of 2007 of which he was paying on time in accordance with the contract. When there was no billing or phone calls the Counter/Plaintiff was so busy in his business life that he had no way of knowing that the Counter/Defendant was racking up fees on this consumer debt.

28. When the LHR inc. first contacted the Counter/Plaintiff he was shocked at the large amount they claimed was due and wrote the dispute letter.

29. LHR continued to try to collect on this debt and hired the law firm of Roosen, Varchetti, & Olivier to attempt to collect the debt. Counter/Defendant did not report to their attorneys that the account was in dispute. Another violation of the FDCPA.

30. When the attorneys contacted the Counter/Plaintiff validation was requested and statements were provided. This was the first time the Counter/Plaintiff ever saw the billing statements. These statements offer proof of consumer debt.

31. Now the Counter/Defendant is alleging fraud against the Counter/Plaintiff and this is a frivolous claim.

32. It is obvious that the Counter/Defendant with malice and intent to defraud violated the Fair Credit Billing Practices act in an attempt to collect fees and interest.

33. The Counter/ Plaintiff is entitled to damages actual, punitive, and attorney fees.

34. The Counter/Plaintiff has suffered emotional distress because of the unprofessional manner and illegal collection process as described above.

WHEREFORE, the Counter/Plaintiff requests this Honorable Court to enter a judgment against the Counter/Defendant, original plaintiff;

1. Award Statutory damages for each violation of Federal Law and State law.

2. Award actual damages.

3. Award punitive damages the Counter/ Plaintiff is entitled to under Federal Law.

4. Award compensatory damages for mental and emotional distress.

5. Award the Counter/Plaintiff actual attorney fees.

6. Grant other relief this Court finds fair and equitable.
Respectfully,

Dated: 11/07/2008

*/s/ Doug Dern/*

Doug Dern
Attorney for Defendant
11636 Highland Rd #107
Hartland MI 48353



**LHR**
6341 INDUCON DRIVE EAST
SANBORN, NY 14132-9097

Re: LHR INC.
Account #: 4988820004007604
Balance: $7,093.10

06/26/2008

2104995

00500         *A-03-TB0-AM-01824

LAW OFFICE DOUG DERN
11538 HIGHLAND RD STE 107
HARTLAND MI 48353-2726

LHR INC.
56 MAIN STREET
HAMBURG, NY 14075-4905

---

DETACH AND RETURN TOP PORTION WITH PAYMENT

---

Re: First Equity Card
Account #: 4988820004007604
Balance: $7,093.10

This notice is to inform you that all collection procedures in regards to your First Equity Card account is being handled by LHR Inc.

We at LHR Inc. understand that difficult times may have caused this problem. Your situation may be correcting itself and LHR Inc. would like to help resolve this matter.

In reviewing your account, LHR Inc. has concluded that the following two options can assist you in correcting this situation.

1. Remit a settlement in the amount of $4,609.40 to be received on or before 07/25/2008 closing your account as settled in full.

This money can be obtained through several sources: Tax return, credit card, check, equity loan, consolidation loan or a personal source.

2. A monthly repayment plan, determined by you, to be received on or before 07/25/2008, and to be received by the date every month thereafter until the original balances are paid.

Our representatives are trained to offer assistance regarding your obligation. It is important for you to contact this office at 1-800-527-3202.

FEDERAL LAW REQUIRES THAT WE NOTIFY YOU THAT THIS IS AN ATTEMPT TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Sincerely,

J. P. Michaels
Department Manager

*Please note the above bar coded address (6341 Inducon Drive East, Sanborn, NY 14132) located in the left hand upper corner of this notice, is not the address of LHR, Inc. This address is for processing undeliverable mail only. Please do not send correspondence or payment to that address. Please send payments or correspondence to LHR, Inc., 56 Main Street, Hamburg, NY 14075-4905.

Please see reverse side for important privacy information.

EXHIBIT A

MON-THU 8AM - 9PM, FRIDAY 8AM - 4PM EST

LHR

**LAW OFFICE OF DOUG DERN & ASSOCIATES**
11636 Highland Rd #107
Hartland MI 48353

1-810-632-9160 Office
1-810-632-7287 Fax
www.law4less.org

6-30-08

~~~~~~~~~

LHR
6341 Inducon Drive East
Sanborn NY 14132-9097

RE: Dispute and request for validation
4988820004007604
2104995

Dear Collection Department;

You must be mistaken. This is crazy. I do not owe this debt. Please verify and validate the debt you are trying to collect on.

Doug Dern, Esq.

EXHIBIT B

STATE OF MICHIGAN
52-2 DISTRICT COURT-OAKLAND COUNTY

LHR inc
    Plaintiff,

v.

DOUG DERN
DBA LAW OFFICE OF DOUG DERN
    Defendant,

Case No. 08-C05473-GC
Hon. Kostin

Roosen, Varchetti, & Oliver, PLLC
Attorney for Plaintiff
PO Box 380170
Clinton Township MI 48038
586-868-2737

Doug Dern (P64567)
Attorney for Defendant
11636 Highland Rd. #107
Hartland MI 48353
810-632-9160

## DEFENDANT'S ANSWER TO COMPLAINT

NOW COMES the Defendant in this answer to the complaint filed by the Plaintiff. The Defendant states the following in support of:

1. Neither admits or denies, leaves the proof to the Plaintiff.

2. Admits.

3. Denies. Proper venue for Highland is Novi District Court.

4. Neither admits or denies.

5. Neither admits or denies. Plaintiff is not the original creditor.

6. Neither admits or denies.

7. Admits in part and denies in part.

8. Admits, but so does the Plaintiff. If the Plaintiff breaches the Contract then there is no meeting of minds and it is an invalid contract.

9. Denies. The Plaintiff never ever sent the Defendant a monthly bill. The Defendant made several attempts to receive said monthly bills. Defendant talked at length with the Plaintiff that monthly statements were not being sent. This is a violation of the federal fair billing act. See Counter complaint.

10. Denies. The damage amount is far less then the complaint. The Defendant never received statements and the Plaintiff unjustly allowed fees to accrue.

11. Denies.

12. Neither admits or denies.

13. Denies. Defendant was paying on time but due to the failure timely provide billing statement the Defendant fell into default and the Plaintiff fraudulently racked up late fees and interest with out any billing statement ever sent to the Defendant.

14. Denies. The Plaintiff is not without unclean hands.

15. Neither admits or denies.

16. Neither admits or denies.

17. Denies. See counter claim.

18. Denies.

19. Denies.

20. Neither admits or denies as to the accuracy of the affidavit.

21. Neither admits or denies.

22. Denies.

23. Denies. Plaintiff is unjustly seeking this amount.

24. Neither admits or denies.

25. Denies.

26. Denies.

27. Neither admits or denies.

28. Denies.

29. Denies. There is nothing to merit this statement.

30. Denies, there is nothing to merit this statement. This is an unprofessional personal attack against the Defendant.

31. Neither admits or denies.

32. Denies. This is a personal attack.

33. Denies. There is no merit in this statement. This is an unprofessional personal attack.

34. Denies.

35. Neither admits or denies.

36. Denies.

37. Denies, the Defendant was in the process of resolving this matter when the Plaintiff's attorney jumped the gun and personally attack the Defendant with false allegation.

38. The amount sought for is improper. The Plaintiff LHR, Inc which took the account subject to First Equity Card allowed fees to accrue unjustly by intentionally not sending statements to the Defendant, which is a violation of the Fair Billing Act.

39. The Plaintiff has also violated FDCPA and the Fair Credit Reporting Act (See Counter claim).

40. The credit card was used for personal and consumer purchases wherefore the Plaintiff is bound by consumer protection law regardless of the fact that the card was under a DBA.

41. The principle balance on the credit card was well less then half of the amount sought. Since the means to rack the balance up are fraudulent and violates Fair Billing Practices Act and the Truth in Lending Act any thing over the Principle is unjust enrichment.

42. In order to have a valid contract there must be a meeting of the mind. The Defendant entered the contract assuming that he would receive statements. Since no statement were received the Plaintiff did not meet minds with the Defendant. The Contract is void.

43. The Plaintiff failed to mitigate damages. Mitigating damages under Michigan law is not allowing fee to accrue and then not inform the Defendant.

WHEREFORE, the Defendant request this honorable Court to order this case dismissed and grant a judgment in favor of the Defendant in accordance with the Counter claim.

Dated: 11/07/2008

_____
Doug Dern
Attorney for Defendant

STATE OF MICHIGAN
52-2 DISTRICT COURT-OAKLAND COUNTY

LHR inc.
    Plaintiff,

Case No. 08-CO5473-GC
Hon. Kelley R. Kostin

v.

DOUG DERN
DBA LAW OFFICE OF DOUG DERN
    Defendant,
_____/

Roosen, Varchetti, & Oliver, PLLC
Attorney for Plaintiff
PO Box 380170
Clinton Township MI 48038
586-868-2737

Doug Dern (P64567)
Attorney for Defendant
11636 Highland Rd. #107
Hartland MI 48353
810-632-9160
_____/

**DEMAND FOR JURY**

THE DEFENDANT in the above case demands a jury trial.

Dated: 11/07/2008

_____
Doug Dern
Attorney for Plaintiff

STATE OF MICHIGAN
52-2 DISTRICT COURT-OAKLAND COUNTY

LHR inc.
    Plaintiff,

v.

DOUG DERN
DBA LAW OFFICE OF DOUG DERN
    Defendant.

Case No. 08-CO5473-GC
Hon. Kelley R. Kostin

_____/

Roosen, Varchetti, & Oliver, PLLC
Attorney for Plaintiff
PO Box 380170
Clinton Township MI 48038
586-868-2737

Doug Dern (P64567)
Attorney for Defendant
11636 Highland Rd. #107
Hartland MI 48353
810-632-9160
_____/

### NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Doug Dern will be representing himself as Attorney in the above mentioned case.

Dated: 11/07/2008

_/s/ Doug Dern_
Doug Dern
Attorney for Defendant

### PROOF OF SERVICE

I DECALRE that I did send by first class mail a copy of the Defendant's answer and the Defendant's counter claim to the attorney for the Plaintiff at the above address.

Dated: 11/07/2008

_/s/ Doug Dern_
Doug Dern
Attorney for Defendant